Dermot D. Givens   SBN 194571
468 N. Camden Dr., ste. 305
Beverly Hills, CA 90210
(310) 854-8823
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT- CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE SCOGGINS, ELENDA GIVAN, JORDAN SADLER, OTIS HAWKINS AND ALL PERSONS SIMILARLY SITUATED,
PLAINTIFFS,

vs.

HSBC Bank USA, a corporation AND DOES 1-10,
DEFENDANTS.

Case No. 2:15-cv-1328

CLASS ACTION

COMPLAINT FOR DAMAGES

(pursuant to Racketeer Influenced and Corrupt Organizations Act of 1970 "RICO" 18 U.S.C. Section 1961 et. seq.)

1. 18 U.S.C. Sect.1962 (c)
2. 18 U.S.C. Sect.1962 (a)
3. 18 U.S.C. Sect.1962 (b)
4. 18 U.S.C. Sect.1962 (d)

Plaintiffs Stephanie Scoggins, Elenda Givan, Otis Hawkins and Jordan Saddler, on behalf of themselves an all similarly situated persons, allege and complain against defendants and each of them as follows:

**INTRODUCTION**

1. This is a class action brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), Title 18 U.S.C. Section 1961 by plaintiffs, individually and on behalf of all persons similarly situated, against defendants, HSBC USA (HSBC) and DOES 1-10.
2. Plaintiffs seek damages and other appropriate relief for defendants' violations of RICO as alleged more fully below.
3. Throughout the Class Period, as defined below, the defendants conspired to wrongfully take plaintiff's property, including money, hide its source through money laundering and use the money to fund the Sinoloa Drug Cartel.

1
complaint

4. Defendant HSBC participated in the conspiracy by its willful actions to launder the money it received for the Sinoloa Cartel that was wrongfully taken from plaintiffs.
5. Money laundering is an act to hide and disguise the source of money in order for the money to be treated as lawfully obtained money by a criminal enterprise.
6. Plaintiff's property, including money, was taken by members of various Los Angeles Street gangs who are associated with the drug distribution activities of the Sinoloa Cartel. The property, including money was taken for the purpose of providing profits to the Sinoloa Drug Cartel.
7. HSBC's actions are clearly set out in paragraphs 46-51 of the Statement of Facts associated with the Deferred Prosecution Agreement (DPA) in case No. 1:12-cr-00763-ILG (exhibit 1).
8. The specific accounts at HSBC that were used to launder money for the Sinoloa Cartel number over 3000. Those specific accounts have been identified by the United States Department of Justice in its prosecution of HSBC that resulted in the DPA, by the United States Senate Committee On Homeland Security And Governmental Affairs in a hearing held on July 17, 2012, and in various other criminal cases where money involved in the Sinoloa Cartel drug distribution enterprise was subjected to forfeiture proceedings.

### VENUE ALLEGATIONS

9. Competent subject matter jurisdiction and venue exists, in whole and in part pursuant to Section 1964 (a), (c), and (d) and section 1965 (a), (b), (d) of the Racketeer Influenced and corrupt Organizations Act of 1979 (hereinafter "RICO"): pursuant to 28 Unites States Code section 1331 (federal question); Pursuant to 28 United States Code section 1337 (regulation of commerce; and pursuant to 28 United States Code section 1391(b)(2)(venue).

### CLASS ALLEGATIONS

10. Plaintiffs bring this suit as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on their own behalf and on behalf of all persons who have had property taken by Los

Angeles street gangs that was placed into accounts at HSBC for the purpose of funding the drug distribution network of the Sinoloa Cartel.

11. Plaintiffs are member of the following class of persons, the members of which are similarly situated to each other member of that class. The classes of person is defined s follows:

> Persons whose property, including money, was wrongfully taken by a Los Angeles street gang that is associated with the Sinoloa Cartel and whose property/money was deposited into accounts at HSBC associated with the Sinoloa Cartel.

12. The class plaintiffs represent many thousand of persons who have had their property/money stolen by members of Los Angeles street gangs that was then deposited at HSBC for the purpose of laundering the money to fund the drug distribution enterprise of the Sinoloa Cartel. The class is so numerous that it is impracticable to bring all member of the class before the court. The identity of many members of the class is readily ascertainable from the records of the Los Angeles Superior Court, Los Angeles County District Attorney, City Attorney of the City of Los Angeles and various law enforcement agencies that have prosecuted Los Angeles Street gangs for theft crimes associated with the distribution of drugs.

13. The plaintiffs' and class members' claims against defendants involve questions of law or fact common to the classes that are substantially similar and predominate over questions affecting individual class members, in that all class member were the victims of theft crimes of their property/money in Los Angeles County by Los Angeles Street gangs associated with the Sinoloa Cartel. These predominating factual and legal issues include the following:

a) Whether defendant's criminal acts of laundering money for the Sinoloa Cartel extends civil liability to the defendants for the acts of the co-conspirators in the wrongful taking of plaintiff's property that was/is wrongfully possessed by defendants;

b) Whether the theft of plaintiff's property by Los Angeles street gangs that are co-conspirators in the Sinoloa Cartels drug distribution enterprise creates civil liability for the defendants

who are co-conspirators in the Sinoloa Cartels drug distribution enterprise;

c) Whether the facts as admitted by HSBC in the statement of facts attached to the DPA, along with plaintiff's allegations in this complaint constitutes specified unlawful activity and criminally derived property. (Title 18 U.S.C.A. sections 1956 and Section 1957;

d) Whether the receipt of money that was wrongfully taken from plaintiffs by co-conspirators of the defendants constitutes specified unlawful activity and criminally derived property. (Title 18 U.S.C.A. sections 1956 (c)(7)(A) and Section 1957;

e) Whether the receipt of money that was wrongfully taken from plaintiffs by co-conspirators of the defendants constitutes interstate transportation and receipt of monies obtained by theft, conversion and/or obtaining monies through fraud and false pretenses. (Title 18 U.S.C.A. Section 2314 and 2315);

f) Whether defendants, were a member of, or participant in the conspiracy alleged herein;

g) Whether defendants engaged in a pattern of practice of racketeering, as alleged herein;

h) The extent of damages sustained by member of the Class and the appropriate measure of damages;

14. Plaintiffs' claims are typical of the claims of the members of the Class.

15. Plaintiffs will fairly and adequately protect the interest of the member of the Class; they have retained competent counsel and do not have interest antagonistic to or in conflict with other members of the Class.

16. The Class has a sufficient community of interest and a class action is superior to other available methods for the fair an efficient adjudication of this controversy. Because of the size of the class, varying amounts, including some relatively small amounts o monetary damage, suffered by any particular class member, few, if an, Class member could afford to seek legal redress individually for the wrongs complained of herein. The disposition of this controversy in a single forum so that the rights of the Class members are secured and so that the defendants can know and comply with their legal

responsibilities will provide substantial benefits both to the parties and to the Court.

## RICO PERSONS

### [RICO TITLE 18 U.S.C. SECTION 1961(3)]

17. Plaintiffs allege that HSBC is and al all times material herein was, a corporation that operates under a federal banking charter duly created and organized and is engaged in activities affecting federal interstate and foreign commerce. HSBC is a "person" as that term is defined in Section 1961(c) of RICO.

## FACTUAL BACKGROUND

18. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-17, inclusive.
19. HSBC, defendant, is one of many banking entities controlled in whole or in part and associated with of the British based international banking conglomerate also known as HSBC.
20. HSBC, defendant, entered into a DPA on December 10, 2012.
21. The DPA is still in effect under the jurisdiction of of U.S. District Judge John Gleason.
22. Stephanie Scoggins, plaintiff, alleges that on February 18, 2003 Boris Tyler, a member of the Shoreline Crips street gang, wrongful took $180 from Scoggins for the purpose of providing money to fund the Sinoloa Cartel. That money was received by HSBC and laundered in accounts associated with the Sinoloa Cartel.
23. Jordan Saddler, plaintiff, alleges that on November 13, 2005 Davon Harris, a member of the Rolling 60's Crips street gang wrongfully took $240 and an iphone from him for the purpose of providing money to fund the Sinoloa Cartel. That money was received by HSBC and laundered in accounts associated with the Sinoloa Cartel.
24. Jordan Saddler, plaintiff, alleges that June 29, 2012, an unknown member of the Crips street gang wrongfully took $130 from him for the purpose of providing money to fund the Sinoloa Cartel. That money was received by HSBC and laundered in accounts associated with the Sinoloa Cartel.

25. Ida Jackson, plaintiff, alleges that on March 8, 2007 Tyrell Chance, a member of the Grape Street gang, wrongfully took $57 from her for the purpose of providing money to fund the Sinoloa Cartel. That money was received by HSBC and laundered in accounts associated with the Sinoloa Cartel.

26. Otis Hawkins, plaintiff alleges that on February 7, 2009 Kip Henry, a member of the Swan Blood street gang, wrongfully took $1500 from him for the purpose of providing money to fund the Sinoloa Cartel. That money was received by HSBC and laundered in accounts associated with the Sinoloa Cartel.

**FIRST CAUSE OF ACTION FOR VIOLATION OF RICO, 18 U.S.C. 1962 (C) OPERATION OF ENTERPRISE THROUGH RACKETEERING ACTIVITY (BROUGHT AS CLASS ACTION AND INDIVIDUAL ACTION AGAINST ALL DEFENDANTS)**

27. Plaintiffs incorporate paragraphs 1-25, inclusive.

28. Plaintiffs allege that defendants were associated with each other, and engaged in conduct that constitutes a RICO pattern of racketeering activity. Plaintiffs allege that each of the following configurations constitute a RICO "enterprise" as that term is defined pursuant to 18 U.S.C. Sect. 1961 (1), (3), (4) and (5):

   a) **RICO Enterprise No. 1:** HSBC is a RICO enterprise, organized and maintained through a consensual hierarchy of managers, directors, officers, supervisors, branch managers and/or representatives that formulate and implement policies as to how to launder money in violation of the laws of the United States, and provisions of the banking industry both domestically and internationally. Plaintiffs allege that persons acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, interstate or foreign commerce, and that said RICO person, and person acting in concert therewith, conducts or participates, directly or indirectly, in the conduct of such RICO enterprises affairs through a RICO pattern of racketeering activity.

   b) **RICO Enterprise No. 2:** An unnamed entity constituting an "association in fact" is a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, branch managers, and/or representatives that

formulate and implement policies as to how to launder money in violation of the laws of the United State and the provisions of the banking industry, both domestically and internationally. Plaintiffs allege that all of the named defendant and persons acting in concert therewith, are RICO persons acting in concert therewith, are RICO persons, and are employed by and associated with said RICO enterprise that is engaged in or activities of which affect. Interstate or foreign commerce, and that said RICO person, and person acting in concert there with, conduct or participate, directly or indirectly in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity. This association in fact had a common or shared purpose, to take plaintiffs property/money, launder the money and use the money to benefit the drug distribution enterprise of the Sinoloa Cartel. It continued as a unit, with a core membership, over a substantial period of time and was an ongoing organization established for an economic motive. The association in fact remains viable and active at the time of filing of this complaint.

c) **RICO Enterprise No. 3:** The Sinoloa Cartel is a RICO enterprise, organized and maintained by and through a consensual hierarchy of managers, directors, officers, supervisors, representatives, Los Angeles based street gangs and/or banks that formulate and implement policies relative to the provisions of the narcotic distribution industry, both domestically and internationally. Plaintiffs allege that HSBC acting in concert therewith, was employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, interstate or foreign commerce, and that said RICO person, and person acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprises affairs through a RICO pattern of racketeering activity. This association in fact had a common or shared purpose, to take plaintiffs property/money, launder the money and use the money to benefit the drug distribution enterprise of the Sinoloa Cartel. It continued as a unit, with a core membership, over a substantial period of time and was an ongoing organization established for an economic motive. The association in fact remains viable and active at the time of filing of this complaint.

29. Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. Sect. 1961 (1) by engaging in the act set forth above, aiding and abetting the commission of the foregoing acts, and/or conspiring to commit the foregoing acts, in violation of the following laws:
    (a)  18 U.S.C. Sect. 1952 relating to racketeering
    (b)  18 U.S.C. Sect. 1956 relating to money laundering
    (c)  18 U.S.C. Sect. 1957 relating to criminally derived property

30. Plaintiffs allege that he aforementioned activities and/or conduct engaged in by defendants constituted a "pattern of racketeering activity," as that term is defined in 18 U.S.C. Sect. 1961 (5). Plaintiffs further allege that the activities and/or conduct engaged in by defendants were both related as to the modus operandi engaged in by said defendants of depriving plaintiffs and class members of money, and was continuous over a period of time.

31. Plaintiffs have sustained damages and/or injuries to their interest in property as a result of defendants' activities and/or conduct, in an amount according to proof. Plaintiffs are entitled to recover compensatory damages, said sum to be trebled in an amount according to proof. Plaintiffs are also entitled to recover an award of exemplary and punitive damages, Plaintiffs are entitled to recover attorneys fees, cost and prejudgment interest.

32. Defendants are conspiratorially liable inasmuch as;
    a) defendants engaged in a RICO pattern of racketeering
    b) defendants are members of the RICO conspiracy designed and intended to contravene RICO.
    c) defendants engaged in activities in furtherance of advancing and promoting the RICO conspiracy designed and intended to contravene RICO.
    d) Defendants were members of the RICO conspiracy at and during the time frame the activities were committed that constitute the RICO pattern of racketeering, and
    e) The offenses fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**SECOND CAUSE OF ACTION FOR VIOLATION OF RICO, 18 U.S.C. SECTION 1962(A) INVESTMENT OF FUNDS OBTAINED THROUGH RACKETEERING ACTIVITY (BROUGHT AS CLASS ACTION AND INDIVIDUAL ACTION AGAINST ALL DEFENDANTS)**

33. Plaintiffs incorporate paragraphs 1-31, inclusive.
34. Defendants used or invested the income derived, directly or indirectly, from a pattern of racketeering activity, as set forth above, in the establishing or operation of the enterprise(s) in violation of 18 U.S.C. Sect. 1962(a).
35. Money obtained from deposits by the Sinoloa Cartel and its agents were used to expand the enterprise(s) such as by hiring additional compliance officers and law firms that would create and cooperate with the policies that allowed for the money laundering activities.
36. Plaintiffs have sustained damages and/or injuries to their property as a result of defendants' activities and/or conduct that was assisted by the reinvesting of sums.
37. Defendants are conspiratorially liable inasmuch as;
    a) defendants engaged in a RICO pattern of racketeering
    b) defendants are members of the RICO conspiracy designed and intended to contravene RICO.
    c) defendants engaged in activities in furtherance of advancing and promoting the RICO conspiracy designed and intended to contravene RICO.
    d) Defendants were members of the RICO conspiracy at and during the time frame the activities were committed that constitute the RICO pattern of racketeering, and
    e) The offenses fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**THIRD CAUSE OF ACTION FOR VIOLATION OF RICO, 18,U.S.C. SECTION 1962(b) ACQUIRE OR MAINTAIN AN INTEREST IN OR CONTROL OF AN ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY. (BROUGHT AS CLASS ACTION AND INDIVIDUAL ACTION AGAINST ALL DEFENDANTS)**

38. Plaintiffs incorporate paragraphs 1-37, inclusive.
39. Defendants used or invested the money derived, directly or indirectly, from a pattern of racketeering activity, as set forth above, to acquire and maintain an interest in or control of the

enterprise(s) through a pattern of racketeering activity in violation of 18 U.S.C. Sect. 1962(b).

40. Money obtained from the Sinoloa Cartel and its agents was used to acquire and maintain an interest in or control the enterprise(s) such as by hiring additional lobbyist and law firms that would divert the attention of regulators from their wrongful activities in order to be able to increase their interest and control in the enterprise(s).

41. Plaintiffs have sustained damages and/or injuries to their property as a result of defendants' activities and/or conduct that was assisted by defendant's acquisition and control of the enterprise(s).

**FOURTH CAUSE OF ACTION FOR VIOLATION OF RICO, 18,U.S.C. SECTION 1962(d) CONSPIRACY TO VIOLATE 18 U.S.C. SECTION 1962(a), (b) and (c)(BROUGHT AS CLASS ACTION AND INDIVIDUAL ACTION AGAINST ALL DEFENDANTS)**

42. Plaintiffs incorporate paragraphs 1-41, inclusive.

43. Defendants are associated with the aforementioned enterprise (s) and they have agreed and conspired to violate 18 U.S.C. Sect 1962 (a), (b) and (c) as each has agreed to participate indirectly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity, and to use or invest the income derived directly or indirectly from the pattern of racketeering activity to establish or operate the enterprise.

44. Defendants conspiracy to violate 18 U. S. C. Sections (a), (b) and (c) is a violation of 18 U.S.C. Section (d).

45. Defendants' violation of 18 U.S.C. Section 1962 (d) by means of overt acts that are acts of racketeering or otherwise wrongful under RICO injured plaintiffs and class members in an amount to be shown according to proof, said sum to be trebled.

### REQUEST FOR JURY TRIAL

Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment on all causes of action against defendants as follows;

1. For an order certifying this action as a class action;
2. For compensatory damages, said sum to be trebled pursuant to 18 U.S.C. Sect. 1964 (c);
3. For punitive and exemplary damages according to proof;
4. For prejudgment and post-judgment interest;
5. For reasonable attorney fees pursuant to 18 U.S.C. Sect.1964 (c);
6. For cost of suit incurred herein;
7. For such other and further relief as the court may deem proper.

DATED: 2/18/15

RESPECTFULLY SUBMITTED,

BY: _____
       DERMOT GIVENS
       Attorney for Plaintiffs